UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-08367-ODW (KSx) | Date | November 21, 2022 |
|---|---|---|---|
| Title | *Jose Apollo Sr. v. Arieta Apollo et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings:**          **In Chambers**

     Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).  A complaint must include, among other things, "a short and plain statement of the ground for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  The Court has reviewed Plaintiff's Complaint, and it is not clear from the Complaint that the Court has subject matter jurisdiction over this action.

     Plaintiff asserts that "[t]his is a Family law case" in which he is suing his sisters, their families, and Plaintiff's other family members, regarding legal ownership of Plaintiff's late mother's house.  (*See* Compl. 2, ECF No. 1.)  Plaintiff seeks more than $74 million dollars in damages against ten individual defendants, as well as injunctive relief including arrest warrants and search warrants for Defendants and their properties.  (*Id.* at 10–13, Prayer for Relief.)

     Plaintiff asserts federal question jurisdiction as the basis for this Court's subject matter jurisdiction over this case.  (*Id.* at 2.)  He purports to bring civil claims under 18 U.S.C. § 1001 for fraud and 10 U.S.C. § 921 Art. 121 for larceny.  (*Id.*)  However, Title 18 of the United States Code sets out federal criminal offenses, as well as matters related to the operation of the federal criminal justice system.  *See* 18 U.S.C. §§ 2 *et seq.*  And 10 U.S.C. § 921 – Art. 121 is a provision of the Uniform Code of Military Justice and also a criminal statute.  Generally, crimes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-08367-ODW (KSx) | Date | November 21, 2022 |
|---|---|---|---|
| Title | *Jose Apollo Sr. v. Arieta Apollo et al.* | | |

are prosecuted by the government, not by private parties. A private individual may bring suit under a federal criminal statute only when Congress specifically intended to create a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283–84 (2002); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1229–30 (9th Cir. 2008). Here, Plaintiff cannot bring claims under the provisions he cites because they are federal statutes that do not confer private rights of action. Accordingly, Plaintiff's asserted fraud and larceny claims would fail as a matter of law and thus as a basis for federal subject matter jurisdiction. Further, the obvious nature of this lack of legal merit renders Plaintiff's claims frivolous, an additional basis for dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Accordingly, Plaintiff is **ORDERED to SHOW CAUSE**, in writing only, to be received by the Court **no later than December 21, 2022**, for why this action should not be dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim. **Failure to timely respond to this order shall result in dismissal of the case without prejudice, without further warning.**

**IT IS SO ORDERED**.

                                                                               : 00

                                                    Initials of Preparer    SE